THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIRGINIA BURDETTE, solely in her capacity as Chapter 7 Trustee of LORILEI SPECHT, f/k/a LORILEI WEHL and STEVEN SPECHT, husband and wife and the marital community comprised thereof,<br><br>Plaintiff,<br><br>v.<br><br>STEADFAST COMMONS II, LLC, a Delaware limited liability company, SERVICE MANAGEMENT SYSTEMS, INC., a Tennessee Corporation, STEADFAST EVERETT MALL, LLC, a Delaware limited liability corporation, STEADFAST COMMERCIAL MANAGEMENT COMPANY, INC., a California corporation, XYZ CORPORATION, JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3,<br><br>Defendants. | No. 2:11-980-RSM<br><br>**ORDER ON PENDING DISCOVERY ISSUES** |

**I. INTRODUCTION**

This matter comes before the Court upon several discovery motions filed within the last two months by each of the parties, Virginia Burdette ("Plaintiff"); and Steadfast Commons II, LLC ("SCII"), Service Management Systems, Inc. ("SMS"), Steadfast Everett

Mall ("SEM"), Steadfast Commercial Management Company, Inc. ("SCMC") (collectively, the "Defendants").  Specifically, the Court addresses the following thirteen (13) motions:

- Plaintiff's Motions for Orders to Compel Discovery from Defendants SMS (Dkt. #54), SEM (Dkt. #88), and SCMC (Dkt. #96) ("Plaintiff's Motions to Compel");

- SMS's Motion for Leave to File Motion to Strike Plaintiff's Surreply (Dkt. #87);

- Defendants' Motion for a Protective Order (Dkt. #100);

- Defendants' Motion for Order Amending Discovery-Related Motions Deadline (Dkt. #97);

- Plaintiff's Motion for Protective Order Regarding Expert Fees (Dkt. #59);

- Plaintiff's Motion for Leave of Court to Permit Plaintiff to Take Nine Additional Depositions (Dkt. #114);

- Plaintiff's Motion for Order to Compel 30(b)(6) Examinations and to Extend Discovery and Dispositive Motions Deadlines (Dkt. #95);

- Plaintiff's Motions to Strike Expert Witnesses William Partin (Dkt. #57), Casey Lesoing (Dkt. #84), and Jon O. Jacobsen (Dkt. #83) ("Plaintiff's Motions to Strike"); and

- Plaintiff's Motion to Strike Supplemental Response in Opposition (Dkt. #113).

## II. DISCUSSION

This is a personal injury case that was filed by Plaintiff as trustee for the bankruptcy estate for Lorilei and Steven Specht on April 19, 2011.  Burdette alleges that Lorilei Specht was injured after she slipped and fell in the hallway at the Everett Mall, in Snohomish

County, Washington, while on her way to work on or about April 19, 2008. Burdette alleges Defendants are liable under theories of negligence and premises liability.

**A.   Motions for Orders to Compel (Dkt. ## 54, 88, & 96) and Motion for Protective Order (Dkt. 100)**

   **1.   Background**

Plaintiff alleges that Defendants SMS, SEM, and SCMC have failed to answer interrogatories or respond to requests for production in violation of Fed. R. Civ. P. 26(g), 33(a), and 34(b). Specifically, Plaintiff accuses Defendants of employing non-specific objections, providing evasive, misleading, or partial answers, improperly assessing the relevance of information and documents sought by Plaintiff, and refusing to produce documents until a protective order is put in place.

Defendants, in turn, argue that scope of Plaintiff's interrogatories and requests are overbroad in terms of time and place. Defendants also contend that they are not refusing to produce documents to Plaintiff. Rather, Defendants sought to obtain an agreed protective order before providing the documents to ensure that the documents would not be viewed by nonparties to the litigation. Plaintiff and Defendants have discussed entering a stipulated protective order, but have failed to reach any compromise. Accordingly, Defendant SMS moved for entry of a protective order to protect confidential documents from disclosure to third parties in its response to Plaintiff's first motion to compel. *See* Dkt. #63. Plaintiff opposed the first motion as improperly noted under the local rules and, in the alternative, sought entry of her own protective order. *See* Dkt. #72. All Defendants then filed a separate motion for entry of a protective order of the nature described above. *See* Dkt. #100.

## 2. Analysis

### a. Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). For purposes of discovery, relevant information is that which is "reasonably calculated to lead to the discovery of admissible evidence." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). The Court must limit the scope of discovery otherwise allowable under the federal rules if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

Where a party moves for a protective order, "[t]he Court may, for good cause, issue an order to protect [the] party … from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id.* "A good faith effort to confer requires a face-to-face meeting or a telephone conference." Local Rule CR 26(c)(1). Similarly, "[o]n notice to other parties and all affected persons, a party may move

for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). A motion to compel must also include a certification that the parties have met and conferred in person or by telephone. *Id.*; Local Rule CR 37(a)(1).

If a motion to compel or motion for protective order is granted (or discovery is provided after filing), the court in most cases "must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 26(c)(3); Fed. R. Civ. P. 37(a)(5).

### b. Time

Plaintiff seeks to obtain information and documentation from Defendants from 2003 and up to the present, including changes that were made to the premises after Lori Specht's fall occurred. Defendant argues that discovery pertaining to the time period before 2006 and after the incident occurred in 2008 is irrelevant to Plaintiff's claims. The Court disagrees. A five-year time span preceding and four-year period following the incident is not unreasonable or unlikely to lead to admissible evidence. Given the infrequency with which accidents of this nature occur, the time period sought by Plaintiff is appropriate. Moreover, Defendants have offered no evidence or argument that providing the information and documentation Plaintiffs seeks is particularly burdensome or expensive as a result of the time frame requested. Finally, Defendants argue that Fed. R. Evid. 407 would render much of the post-incident information inadmissible in Court. Fed. R. Evid. 407 limits the admissibility of subsequent remedial measures as evidence to prove negligence, culpable conduct, or need for a warning or instruction. There are exceptions to the rule, however, and in any case, it does

not apply to all information, but merely evidence regarding remedial measures. Defendants' objections based on the relevancy of the time period requested are hereby STRICKEN. Defendants are ordered to respond to all interrogatories and produce all documents that were otherwise withheld on this basis within fourteen (14) days of the date of this order.

### c. Location

Defendants argue that Plaintiff seeks information and documentation regarding the entire mall, rather than the site of the alleged accident and again object on grounds of relevancy. Defendants do not explain why such information is irrelevant and unlikely to lead to admissible evidence and do not provide any evidence or argument regarding the burden of producing such information and documentation. The Court finds that the information requested is relevant to Plaintiff's claims insofar as it involves the same premises. Defendants' objections based on the relevancy of information and documentation regarding areas in the mall other than the employee entrance are hereby STRICKEN. Defendants are ordered to respond to all interrogatories and produce all documents that were otherwise withheld on this basis within fourteen (14) days of the date of this order.

### d. Protective Order

The parties' inability to agree upon a protective order to shield sensitive business information from third parties is baffling. In any case, Defendants have carried their burden of demonstrating good cause for the Court to issue a protective order to ensure that documents designated as "confidential" will not be viewed by nonparties to the litigation. *See*

Declaration of Ana Marie Del Rio (Dkt. #120).[1]  The documents for which Defendants seek protection contain proprietary, trademark, confidential and sensitive business information that could have an adverse impact on Defendants if disseminated and/or affect Defendants' ability to remain competitive in the commercial real estate market.  *Id.*  Plaintiff offers no reason opposing the entry of a standard protective order as the one proposed by Defendants to protect confidential documents from third parties.  Nor has Plaintiff suggested that such an order would prejudice her claims.  Thus, a protective order to shield Defendants from "annoyance, embarrassment, oppression, or undue burden or expense" is warranted.  *See* Fed. R. Civ. P. 26(c)(1).  The Court DENIES Plaintiff's motion to strike the Del Rio Declaration.

The proposed order set forth at Dkt. #102, Ex. A is hereby entered and incorporated by reference with the following alteration:

- In Section III, entitled, "Use of Confidential Materials in a Pleading," the following is hereby inserted following the heading and preceding the first sentence of that section:

"The parties shall follow the procedure set forth in Local Rule CR 5(g).  To the extent not inconsistent with Local Rule CR 5(g)…"

For administrative purposes, <u>within seven (7) days</u> of the date of this order, Defendants shall (1) file an amended proposed protective order on CM/ECF and (2) email a Word or Word Perfect version of the proposed order, as amended, to martinezorders@wawd.uscourts.gov for the Court's signature.  Until such time, the proposed

---

[1] SMS's first motion for a protective order, filed in the context of its response to Plaintiff's motion to compel, was improper and was not noted as a motion.  SMS's motion for leave to strike Plaintiff's surreply (Dkt. #87) is DENIED.

ORDER ON PENDING DISCOVERY ISSUES – Page 7
No. 2:10-cv-01156-RSM

protective order at Dkt. #102, as amended herein, is effective as of the date of this Order. Any of Defendants' objections based on the lack of a protective order in place to protect the confidentiality of its business documents is hereby STRICKEN. Defendants are ordered to produce all nonprivileged documents that were withheld because of the lack of a protective order in place within fourteen (14) days of the date of this order.

### e. Remaining objections

The Court is confident that resolution of the three main areas of dispute above will address the majority of issues raised in Plaintiff's three motions to compel. To be clear, relevancy and confidentiality objections are stricken as set forth above. Objections regarding burdensomeness are also stricken to the extent that the burden results from the scope of the interrogatories and requests for production as addressed herein. Objections regarding "vagueness" or "lack of specificity" are stricken to the extent that Plaintiff's briefing otherwise elucidates the meaning of vague words and phrasing. As set forth above, Defendants are directed to supplement their responses to interrogatories and requests for production within fourteen (14) days of the date of this order. To the extent that this Order does not address any specific request set forth in Plaintiff's Motions to Compel, such request is DENIED.

**B. Defendant's Motion for Order Amending Discovery-Related Motions Deadline (Dkt. #97).**

Under the current scheduling order, discovery is to be completed by August 29, 2012 and discovery motions are due by August 1, 2012. Defendants seek to amend the discovery-related motions deadline to thirty days *after* the discovery deadline. Plaintiff originally

ORDER ON PENDING DISCOVERY ISSUES – Page 8
No. 2:10-cv-01156-RSM

sought to amend the discovery deadline to thirty days after the current discovery deadline but opposed the extension of the motions deadline beyond the date of the discovery deadline. Plaintiff now withdraws her request for an extension of the discovery deadline. *See* Dkt. #137.

"A [scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court finds there is good cause to extend the discovery deadline so that the parties may complete discovery as set forth in this order. The Court does not find good cause for extending the discovery motions deadline thirty days beyond the discovery deadline as doing so would interfere with the dispositive motions deadline, which in turn affects the trial date, and neither party has requested a continuance of the trial date. Accordingly, the discovery deadline *and* the discovery motions deadline are hereby extended to September 29, 2012. The dispositive motions deadline is extended to October 12, 2012. All other dates in the Court's April 27, 2012 scheduling order (Dkt. #51) shall remain the same. A new scheduling order incorporating these dates will follow.

**C.     Plaintiff's Motion for Protective Order re: Expert Fees (Dkt. #59)**

Plaintiff seeks a protective order under Fed. R. Civ. P. 26(b)(5)(C)(1) declaring the fees to take the depositions of Defendants' expert witnesses, Dr. Mary Reif, Dr. Alan Brown, and William B. Skilling excessive and requiring them to be reduced, as well as limited to time spent in the deposition or no more pre-paid time than two hours.

Fed. R. Civ. P. 26(b)(4)(E) requires that the party seeking the deposition or discovery of an expert pay for that expert's reasonable fees incurred. The Rule provides:

>*Payment.* Unless manifest injustice would result, the court must require that the party seeking discovery:
>
>>(i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and
>
>>(ii) for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

Most courts agree that the party seeking reimbursement of a witness fee bears the burden of establishing reasonableness. *See, e.g., Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, 729 F. Supp. 2d 246, 255-56 (D.D.C. 2010); *Mannarino v. U.S.*, 218 F.R.D. 372, 374 (E.D.N.Y.2003); *New York v. Solvent Chemical Co.,* 210 F.R.D. 462, 468 (W.D.N.Y.2002); *Royal Maccabees Life Ins. Co. v. Malachinski*, No. 96 C 6135, 2001 WL 290308, at *18 (N.D.Ill. March 20, 2001). Here, Defendants do not seek reimbursement, but rather pre-payment of expert fees. The Court sees no reason why the burden of proving reasonableness should shift to Plaintiff for this reason alone. Therefore, on this motion, Defendants have the burden of showing that the prepaid fees its experts require are reasonable.

To determine the reasonableness of an expert's fee, courts weigh the following factors:

>(1) the witness's area of expertise; (2) the education and training that are required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; (6) the fee actually being charged by the expert to the party who retained him; and (7) fees traditionally charged by the expert on related matters.

*Guantanamera*, 729 F. Supp. 2d at 255-56.

The challenged rates charged by Defendants' experts are as follows:

| Expert | Hourly Rate | Minimum Hours Will Testify | Minimum amount charged |
|---|---|---|---|
| Dr. Brown (orthopedic surgeon) | $1,500/hour | 2 hours | $3,000 |
| Dr. Reif (neurologist) | $750/hour | 1 hour | $750 |
| Mr. Skilling (rehabilitation counselor & disability management specialist) | $365/hour | 3 hours | $1,095 |

For comparison purposes, Plaintiff's experts charge the following rates:

| Expert | Hourly Rate | Minimum Hours Will Testify | Minimum amount charged |
|---|---|---|---|
| Dr. David Cawthon | $1,000/hour | 2 hours | $2,000 |
| Dr. Stobbe | $750/hour | Unknown | Unknown |
| Dr. Jutla | $580/hour | Unknown | Unknown |
| Dr. Richard E. Seroussi (physician and mechanical engineer) | $450/hour | 1.5 hours | $675 |
| Dr. Glen Goodwin (neuropsychologist) | $375/hour | 2 hours | $750 |
| Kathryn Reid (vocational rehabilitation counselor and life care planner) | $375/hour | No minimum | $375 |

Each of Defendants' experts are highly qualified in their field. This slip-and-fall case is highly factual. As a result, expert testimony will likely be critical to determining the amount of damages to which Plaintiff may be entitled. Defendants have provided evidence that the fees its experts charge Defendants themselves are commensurate with the fees charged to the Plaintiff. For example, Dr. Brown intends to charge Defendants $6,000 for a half-day appearance at trial if this case should go to trial. *See* Dkt. #69, p. 4. In addition, Defendants' experts have provided declarations stating that their rates were selected after "performing a due diligence review" of other professionals in the field in the greater Seattle

area with the same level of expertise. These statements are corroborated by the fact that, with the glaring exception of Dr. Brown, Plaintiff's experts have charged Defendants similar fees for deposition time. Dr. Brown, however, charges 50% more for deposition time than Plaintiff's most expensive expert.

Considering all of the relevant factors, the Court finds that the fees charged by Dr. Reif and Mr. Skilling are reasonable. The exception is Dr. Brown's hourly rate, which is both astronomically high *and* includes a two hour minimum. Dr. Brown's credentials and expertise notwithstanding, Defendants have not carried their burden of demonstrating that a $1,500 hourly rate, which annualizes to a salary of over $3 Million is reasonable. "The effective administration of justice depends, in significant part, on the maintenance and enforcement of a reasoned cost/benefit vigil by the judiciary." *Anthony v. Abbott Laboratories*, 106 F.R.D. 461, 465 (D.R.I. 1985) (finding physician's $420 expert fee unreasonable[2]). Accordingly, Plaintiff's motion is GRANTED in part. Plaintiff is required to pay Dr. Brown a maximum of $1,000 per hour for deposition time. The two-hour minimum charged by Dr. Brown is reasonable at this adjusted rate.

**D.    Plaintiff's Motion for Leave to Take Nine Additional Depositions (Dkt. #114)**

Plaintiff indicates that its motion for leave to take additional depositions is withdrawn. It is therefore MOOT.

**E.    Plaintiff's Motion to Compel 30(b)(6) Examinations (Dkt. #95)**

Plaintiff moves to compel three Fed. R. Civ. P. 30(b)(6) depositions and documents subpoenaed in connection therewith. However, Plaintiff has already scheduled ten

---

[2] $420 is $894 in today's dollars. *See* http://www.bls.gov/data/inflation_calculator.htm.

depositions, the maximum allowable without leave of the Court. *See* Fed. R. Civ. P. 30(a)(2)(i). Plaintiff had previously moved for leave of the Court to take an additional nine depositions. *See* Dkt. #114. In that motion, Plaintiff indicated that the three 30(b)(6) examinations at issue here formed part of that request. *Id.* at p. 4. Plaintiff has since withdrawn her motion for leave to take the additional depositions. *See* Dkt. #137. Therefore, Plaintiff's motion at Dkt. #95 is likewise MOOT.

**F.   Plaintiff's Motions to Strike Defendants' Witnesses William Partin (Dkt. #57), Casey Lesoing (Dkt. #84), and Jon O. Jacobson (Dkt. #83) and Motion to Strike Supplement Response in Opposition (Dkt. #113)**

Each of Plaintiff's three motions concern the proper date for disclosure of rebuttal expert witnesses. Fed. R. Civ. P. 26(a)(2)(D) provides:

> (D) *Time to Disclose Expert Testimony.*  A party must make these disclosures at the time and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
>
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

On April 19, 2012, the parties signed and jointly filed a Joint Status Report that listed suggested discovery cutoff dates. *See* Dkt. #48. The parties suggested that May 21, 2012 be the cutoff date for expert witness disclosure and that June 21, 2012 be the cutoff date for rebuttal expert witness disclosure. The Court then entered a Scheduling Order listing May 21, 2012 as the due date for "[r]eports from expert witnesses under FRCP 26(a)(2). *See* Dkt. #51. The Scheduling Order did not include a date for rebuttal expert witness disclosure.

On June 20, 2012, Defendants filed a Disclosure of Rebuttal Experts listing Partin, Lesoing, and Jacobson as rebuttal experts. *See* Dkt. #93, pp. 65-69. Plaintiff now moves to strike each of these witnesses for untimely disclosure. Plaintiff contends that because Defendants did not disclose their rebuttal experts by the date set forth in the Scheduling Order as the due date for "[r]eports from expert witnesses under FRCP 26(a)(2)," they are untimely. The Court disagrees.

Fed. R. Civ. P. 26(a)(2)(D) provides that "absent a stipulation or court order", rebuttal expert disclosures must be made within thirty days of the other party's expert disclosures. The Scheduling Order did not contain a rebuttal expert disclosure date. Therefore, Fed. R. Civ. P. 26(a)(2)(D), providing that rebuttal expert disclosures are due within thirty days of expert disclosures, applies. Defendants filed their rebuttal expert disclosures within thirty days of Plaintiff's expert disclosures. Accordingly, Defendants' rebuttal expert disclosures are timely.

Plaintiffs additionally seek to strike expert Jacobson on the basis that his expert report was untimely. As set forth above, Mr. Jacobson was disclosed to Plaintiff on June 20, 2012. However, Defendants did not serve Plaintiff with Mr. Jacobson's expert report until well after Plaintiff's motion was fully briefed. *See* Dkt. #112, Ex. 2 (demonstrating that report was served August 8, 2012).[3] Fed. R. Civ. P. 26(a)(2)(B) provides that expert disclosures "must be accompanied by a written report." Further, "when an act may or must be done within a specified time, the court may, for good cause, extend the time… on motion made after the

---

[3] Plaintiff's motion to strike Defendant's supplemental response (Dkt. #113) is MOOT as the Court found in favor of Plaintiff and the information contained in the response at issue supports Plaintiff's position.

ORDER ON PENDING DISCOVERY ISSUES – Page 14
No. 2:10-cv-01156-RSM

time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Defendants have offered no reason why Mr. Jacobson's report was not provided in conjunction with his disclosure as a rebuttal witness. Accordingly they have failed to meet the "excusable neglect" standard set forth in the Rules.

Fed. R. Civ. P. 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving the opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv).

The Court has no choice but to impose sanctions in this matter. Because the discovery deadline has been postponed, Plaintiff will not suffer prejudice as a result of Defendants' tardy service of Mr. Jacobson's report. However, Defendants have offered no justification for their failure to provide it earlier. Therefore, rather than striking Dr. Jacobson as an expert witness, the Court hereby ORDERS that Defendants pay the reasonable expenses, including attorney's fees, caused by their failure to disclose Dr. Jacobson's report earlier, including Plaintiff's costs and fees in bringing this motion. Plaintiff is to submit evidence of such costs and fees via a signed and sworn declaration within fourteen (14) days of the date of this motion. For administrative purposes, Plaintiff should note the declaration for the second Friday following the filing. No response or reply to the declaration should be filed.

Other than the sanction of fees and costs related to Defendants' untimely disclosure of Mr. Jacobson's expert report set forth above, Plaintiff's motions to strike experts William Partin (Dkt. #57), Casey Lesoing (Dkt. #84), and Jon O. Jacobson (Dkt. #83) are hereby DENIED. Plaintif's Motion to Strike Defendants' Supplement Response in Opposition (Dkt. #113) is denied as MOOT.

### G. Payment of Expenses and Fees and Other Sanctions

The parties have variously requested the payment of expenses and fees and other sanctions in connection with their myriad discovery motions. Except as explicitly set forth above, all such requests are DENIED. Plaintiff's plainly excessive motion practice and failure to cooperate on the one hand, and the Defendants' dilatory approach to discovery on the other, are circumstances that would render an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5).

### III. CONCLUSION

Having reviewed each of the motions, the responses, and replies, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby FINDS AND ORDERS:

(1) Plaintiff's Motions to Compel (Dkt. ## 54, 88, & 96) are GRANTED in part and DENIED in part as set forth above.

(2) Defendants' Motion for Protective Order (Dkt. #100) is GRANTED as set forth above.

(3) Defendant's Motion for Leave to Strike (Dkt. #87) is DENIED.

(4) Defendant's Motion for Order Amending Discovery Motions Deadline (Dkt. #97) is GRANTED in part. The discovery deadline *and* the discovery motions deadline are hereby extended to September 29, 2012. The dispositive motions deadline is extended to October 12, 2012. All other dates in the Court's April 27, 2012 scheduling order (Dkt. #51) shall remain the same. A new scheduling order incorporating these dates will follow.

(5) Plaintiff's Motion for Protective Order re: Expert Fees (Dkt. #59) is GRANTED in part and DENIED in part as set forth above. Plaintiff is required to pay Dr. Brown a maximum of $1,000 per hour for a minimum of two hours of deposition time.

(6) Plaintiff's Motion for Leave to Take Nine Additional Depositions (Dkt. #114) was withdrawn by Plaintiff and is therefore MOOT.

(7) Plaintiff's Motion to Compel 30(b)(6) Examinations (Dkt. #95) is MOOT.

(8) Other than the sanction of fees and costs related to Defendants' untimely disclosure of Mr. Jacobson's expert report set forth above, Plaintiff's motions to strike experts William Partin (Dkt. #57), Casey Lesoing (Dkt. #84), and Jon O. Jacobson (Dkt. #83) are DENIED. Plaintiff's Motion to Strike Defendants' Supplement Response in Opposition (Dkt. #113) is denied as MOOT.

(9) The Clerk of the Court is directed to forward a copy of this Order to all counsel of record.

DATED: August 29, 2012

                                            RICARDO S. MARTINEZ
                                            UNITED STATES DISTRICT JUDGE