THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIRGINIA BURDETTE, solely in her capacity as Chapter 7 Trustee of LORILEI SPECHT, f/k/a LORILEI WEHL and STEVEN SPECHT, husband and wife and the marital community comprised thereof,<br><br>Plaintiffs<br><br>v.<br><br>, SERVICE MANAGEMENT SYSTEMS, INC., a Tennessee Corporation, STEADFAST COMMERCIAL MANAGEMENT COMPANY, INC., a California corporation, ET AL<br><br>Defendants | NO. 11-00980 RSM<br><br>DECLARATION IN SUPPORT OF ATTORNEY FEES PURSUANT TO THE COURT'S ORDER PERMITTING DEFENSE EXPERT JACOBSON<br><br>Noted for September 21, 2012<br>Per Court order |

STEVEN P KRAFCHICK DECLARES AS FOLLOWS:

1. I am the attorney for Plaintiffs in this case.

2. I have been practicing law since 1983.

- 1 - KRAFCHICK DECL IN SUPPORT OF GRANT OF ATTORNEY FEES PER COURT ORDER

KRAFCHICK LAW FIRM PLLC
100 W. HARRISON
SOUTH TOWER, SUITE 300
SEATTLE, WASHINGTON 98119
(206) 374-7370 FAX: (206) 374-7377
KLF@KRAFCHICK.COM

3. I am licensed to practice in Washington and Oregon state and federal courts.

4. For the last 4 years, I have routinely charged and received $500 per hour for hourly work. The hourly charge is part of my fee agreement with clients, even contingency clients, as the Plaintiffs are in this case.

5. Given the Court permitting the defendants to use expert Jacobsen, their only liability expert, not timely disclosed, and changing the landscape of this case as Defendants had no other liability expert to testify on their behalf, we believe lodestar and other sanctions are appropriate.

6. Plaintiff is entitled to reasonable attorney fees with the Court applying a lodestar to increase the fees with reference to factors that have not been subsumed in the lodestar calculation. *Cunningham v County of Los Angeles*, 879 F.2d 481,484 (9th Cir 1989). See also, *Hensley v Eckerhart*, 4612 U.S, 424,433 (1983)

7. In this case, I prepared the motions to exclude the experts on July 18 and 19.

8. My contemporaneous time records show that I spent 1hour and 7 minutes on July 18 reviewing the disclosures, reviewing applicable law.

9. Contemporaneous records show that I spent 5 hours and 55 minutes working on the motions to exclude Jacobson and Lesoing. Of that time 2 hours and 32 minutes were spent on the Jacobson motion reviewing and drafting and editing.

10. This means I spent a total of 3 hours and 39 minutes on the Jacobson Motion to Exclude.

11. I also spent 2 hours and 46 minutes on legal research and preparing this declaration for filing pursuant to the Court's order. This is time that is awardable under Ninth Circuit

- 2- KRAFCHICK DECL IN SUPPORT OF GRANT OF ATTORNEY FEES PER COURT ORDER

KRAFCHICK LAW FIRM PLLC
100 W. HARRISON
SOUTH TOWER, SUITE 300
SEATTLE, WASHINGTON 98119
(206) 374-7370 FAX: (206) 374-7377
KLF@KRAFCHICK.COM

law. *Webb v Ada County, Idaho*, 195 F.3d 524m527 (9th Cir. 1999); *Hernandez v. Kalinowski*, 146 F.3d 196, 200 (3rd Cir. 1998)

12. Given that this award of attorney fees is a sanction in lieu of excluding the witness, we strongly believe a lode star to the $500 per hour rate would be appropriate. We therefore request a lodestar of 2 to 4 times $500 per hour which equals $1000-$2000 per hour for 6 hours and 25 minutes.

13. The rate of $1000 per hour is $16.67 per minute while $2000 per hour is $33.34.

14. The 6 hours and 25 minutes totals 1105 minutes.

15. At $1000 per hour this calculates to 1105 x $16.67 = $18,420.

16. At $2000 per hour this calculates to 1105 x $33.34 = $36,841

17. Any defendant who missed a deadline like these defendants did would gladly pay this amount rather than face a trial with no expert on liability. This is a huge advantage to the Defendants, unfortunately rewarded for their absolutely late disclosures which significantly prejudices Plaintiff who has only one more out of the permitted 10 depositions left.

18. A delinquent defendant would gladly pay the straight hourly fee amount based on simple hours spent to avoid exclusion of a key witness for failure to comply with the rules and court ordered deadlines.

19. We therefore ask the Court to modify its order awarding attorney fees and add the provision that Plaintiffs will be entitled to depose all of the witnesses they sought to exclude but were not excluded by the Court, and that these depositions be in addition to the one remaining deposition which was left for Dr. Brown (whose charges were reduced by the Court as a result of another motion). Further that these depositions

- 3- KRAFCHICK DECL IN SUPPORT OF GRANT OF ATTORNEY FEES PER COURT ORDER

KRAFCHICK LAW FIRM PLLC
100 W. HARRISON
SOUTH TOWER, SUITE 300
SEATTLE, WASHINGTON 98119
(206) 374-7370 FAX: (206) 374-7377
KLF@KRAFCHICK.COM

must occur before the September 29 discovery cutoff or the witnesses will be excluded. We have made this request already to new defense counsel. We have also requested that they agree that we can depose Janet Dunlap, yet another defendant employee they have identified who supposedly has relevant information regarding liability issues in this case. We have yet to hear back. We hope to avoid any further motion practice.

20. For award of attorney fees, we are aware of the 12 factors that the 9th Circuit has required to be evaluated for the award of attorney fees. *Kerr v Screen Actors Guild et. al.*, 526 F.2d 6, 69-70(9th Cir. (1975). The time and labor has been set out above. We concede that the issue before the Court was not particularly novel or that difficult, and took ordinary skill to prepare, although working on these motions did preclude doing other work on other cases. The fee as noted above is my customary fee which I regularly collect from hourly clients and is contained in my contingent fee agreements, as it is in this case. The overall fee in this case is, however, a contingent fee based on the ultimate result. The circumstances required that the motion be filed promptly as at the time there was a fast approaching discovery cutoff. Given that the purpose of this award is a sanction for late disclosure, the result obtained is not favorable to the Plaintiff and greatly changes the trial landscape, given that if the Court had excluded the late disclosed witness, the Defendants would lack a liability witness to counter Plaintiff's timely and properly disclosed human factors expert Dan Johnson. I have been representing the Plaintiffs for over 2 years. As a premises liability case, there are not many attorneys who would take these cases to trial.

- 4- KRAFCHICK DECL IN SUPPORT OF GRANT OF ATTORNEY FEES PER COURT ORDER

KRAFCHICK LAW FIRM PLLC
100 W. HARRISON
SOUTH TOWER, SUITE 300
SEATTLE, WASHINGTON 98119
(206) 374-7370 FAX: (206) 374-7377
KLF@KRAFCHICK.COM

21. My reputation in this community is well-established in my 29 years of practice. I am AV rated by Martindale Hubbel and have been for many ytears. I am a member of the Department of Health and Human Services Chronic Fatigue Syndrome Advisory Committee. I was on the board of what is now called WSAJ for many years. In addition to my JD, I have a Masters of Public Health from the University of Michigan, and I worked as a faculty member at the University of Washington School of Public Health for many years before a stint in private consulting and then my choice to go to law school in 1980. I was on law review in my law school, then University of Puget Sound, now Seattle University School of Law.

22. As the Court is aware, I also have practiced successfully as an appellate lawyer. My cases begin with establishing the doctrine of continuing tort in Washington in *Caughell v Group Health Cooperative* and working on the successful appeal clarifying Frye law in Washington with an amicus brief submitted in *Anderson v Akzo Nobel Coatings*, a Washington Supreme Court case issued September 8, 2011. I also have several opinions from successful appeals of ERISA disability cases.

23. The Defendants conduct in this case flouted discovery requests and deadlines. In reality, the sanction should be one that hurts and not simply a small cost of doing business that will not give the defendants any pause in behaving the exact same way in the future. We think the lode star amounts of $18,420 to $36,841 would be more appropriate and within the Court's discretion in addition to permitting an excess of 10 depositions up to 13 including the witnesses who have now been permitted to testify: Partin, Lesoing, and Jacobson. We believe, the money and depositions would be sufficient to deter the defendants behavior and avoid more necessary but excessive

- 5- KRAFCHICK DECL IN SUPPORT OF GRANT OF
ATTORNEY FEES PER COURT ORDER

KRAFCHICK LAW FIRM PLLC
100 W. HARRISON
SOUTH TOWER, SUITE 300
SEATTLE, WASHINGTON 98119
(206) 374-7370 FAX: (206) 374-7377
KLF@KRAFCHICK.COM

motion practice. We would ask that you permit us to substitute Dunlap's deposition if we choose to relinquish the right to depose Partin, Lesoing, or Jacobson.

24. I note that the court has identified Plaintiff's motion practice as excessive, and I can say this is the first time I have ever before engaged in so many motions in a single case in my 29 years of practice. Believe it or not, the need to bring this many motions stemmed from the prior counsel's behavior and failure to work with us despite contrary lipservice. This may have been recognized by their client who has now fired that firm and hired a new firm.

25. So we ask for sanctions of $18,420 to $36,841 and the right to take up to 13 depositions.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT

DATED THIS 12 TH DAY OF SEPTEMBER AT SEATTLE WASHINGTON

KRAFCHICK LAW FIRM

By: /s/Steven P Krafchick

Steven P. Krafchick, WSBA# 13542
KRAFCHICK LAW FIRM, PLLC
100 W. Harrison, South Twr, Ste 300
Seattle, WA    98119

Phone: 206-374-7370
Fax: 206-374-7377
Email: klf@krafchick.com

Attorney for Plaintiffs

- 6- KRAFCHICK DECL IN SUPPORT OF GRANT OF ATTORNEY FEES PER COURT ORDER

KRAFCHICK LAW FIRM PLLC
100 W. HARRISON
SOUTH TOWER, SUITE 300
SEATTLE, WASHINGTON 98119
(206) 374-7370 FAX: (206) 374-7377
KLF@KRAFCHICK.COM

# CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bert Markovich
Schwabe Williamson & Wyatt
1420 Fifth Avenue
Suite 3400
Seattle, WA  98101
(206) 622-1711
bmarkovich@schwabe.com

Jennifer Campbell, Esq.
Schwabe Williamson & Wyatt
1420 Fifth Avenue
Suite 3400
Seattle, WA  98101
(206) 622-1711
jcampbell@schwabe.com

- 7- KRAFCHICK DECL IN SUPPORT OF GRANT OF ATTORNEY FEES PER COURT ORDER

KRAFCHICK LAW FIRM PLLC
100 W. HARRISON
SOUTH TOWER, SUITE 300
SEATTLE, WASHINGTON  98119
(206) 374-7370 FAX: (206) 374-7377
KLF@KRAFCHICK.COM