UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIRGINIA BURDETTE, et al., | CASE NO. 11-980-RSM |
| Plaintiff, | ORDER ON FED. R. CIV. P. 37(C)(1) SANCTION OF ATTORNEY FEES |
| v. | |
| STEADFAST COMMONS II, LLC, et al., | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court pursuant to a Rule 37 sanction against Defendants for failure to disclose an expert witness report during discovery. Fed. R. Civ. P. 37(c)(1). The Court's order directs Defendants to pay Plaintiff's attorney fees and costs for the time expended in preparing the motion to strike Dr. Jacobson's testimony. Dkt. # 140. Plaintiff has submitted a revised declaration requesting a lodestar amount of $6,084.55 to $12,835.90. Dkt. # 145. In addition, Plaintiff seeks to depose three expert witnesses who have been permitted to testify

following the Court's denial of the motions to strike.[1]  Dkt. # 145.  For the reasons set forth below, Plaintiff is awarded a total of $2086.70 in attorney fees and costs.  Plaintiff's request to depose three additional witnesses is DENIED.

## II. DISCUSSION

### A. Attorney Fees and Costs

In order to calculate reasonable attorney fees pursuant to a Rule 37 sanction, the court uses the lodestar approach.  *See Dang v. Cross*, 422 F.3d 800, 812 (9th Cir. 2005).  First, the lodestar amount is calculated by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  In order for the lodestar amount to be found reasonable, both the hours claimed and the hourly rate must be reasonable.  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).  A fee applicant has the burden of proving the reasonableness of the attorney fees requested.  *See Blum v. Stenson*, 465 U.S. 886, 897 (1984).  The court should reduce the hours for which counsel seeks compensation if "documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; [or] if the hours expended are deemed excessive or otherwise unnecessary."  *Chalmers*, 796 F.2d at 1210.  The reasonable hourly rate is determined by reference to "the rate prevailing in the community for similar work performed by attorneys of similar skill, experience, and reputation."  *Id.* at 1210-11.  Generally the court uses the rates of attorneys practicing in the forum district for comparison.  *See Gates v. Deukmejian*, 987 F.2d 1392, 1405-06 (9th Cir. 1992).

---

[1] The Court found that Defendants timely filed a Disclosure of Rebuttal Experts, listing Mr. Partin, Mr. Lesoing and Dr. Jacobson as expert witnesses.  Plaintiff's motions to strike the experts were therefore denied.  Although Defendants had failed to timely produce Dr. Jacobson's witness report to the plaintiff, the Rule 37 sanction of attorney fees was imposed in lieu of striking Dr. Jacobson as a witness.  Dkt. # 140, p. 14-15.

Here, Plaintiff's attorney Mr. Krafchick claims to have spent a total of 6 hours and 25 minutes on the declaration and motion to exclude the testimony of Dr. Jacobson. Dkt. # 145, p. 2-3. The Court finds the hours are reasonable. However, Mr. Krafchick seeks an hourly rate of $500, contending it has been his customary rate for the past four years upon 29 years of experience. Dkt. # 145, p. 1-2. He offers no statistics on the prevailing market rate or affidavits in support of his rate considering he has a contingent fee agreement with the client. Mr. Krafchick has not met the burden of proving his hourly rate therefore it should be adjusted to reflect the rates of similarly situated attorneys in the Western District of Washington. The Court is familiar with the prevailing rates of experienced attorneys and has consistently found that a rate of $325 is reasonable for lead counsel and partner level attorneys. *See, e.g. Taylor v. Public Storage*, No. 10-2103, slip op. at 2 (W.D. Wash. Oct. 11, 2012). Considering Mr. Krafchick's level of experience, the Court shall accordingly award the hourly rate of $325.

The court next examines whether or not the lodestar amount should be adjusted based on other factors. *See Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). These factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and results obtained, (9) the experience, reputation and ability of the attorney, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with client, and (12) awards in similar cases. *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976). Upon factoring the variables, the lodestar amount is presumptively reasonable and any upward or downward

adjustment is appropriate only in exceptional cases where the amount is "unreasonably low or unreasonably high." *Van Gerwen*, 214 F.3d at 1045. The court may downwardly adjust either the components of the lodestar or the lodestar itself to reflect the results obtained. *See Schwarz v. Sec'y of Health & Human Services*, 73 F.3d 895, 901 (9th Cir. 1995). Ultimately, the court has "considerable discretion" in determining what attorney's fee is reasonable. *Id.*

Here, Plaintiff requests the Court to multiply the lodestar hourly rate at $1000 to $2000 due to prejudice suffered from the late witness disclosure. Dkt. # 145, p. 3. The Court disagrees. The plaintiff did not suffer any prejudice as a result of Defendants' tardy disclosure because the discovery deadline had been postponed. Dkt. # 140, p. 15. Moreover, Mr. Krafchick concedes that none of the twelve factors in *Kerr* apply to otherwise warrant an adjustment of the rate. Dkt. # 145, p. 4. In effect, Plaintiff simply seeks to further sanction Defendants for evasive discovery practices. The Court finds that increasing the rate under these circumstances would be unreasonably punitive. Therefore, the calculation is based on a rate of $325/hour multiplied by the time spent of 6 hours and 25 minutes ($5.42/minute x 385 minutes). Plaintiff is awarded the resulting fee of **$2086.70**. Defendants shall have two weeks from the date of this Order to pay the Rule 37(c)(1) fee award to the plaintiff.

**B.   Deposition of Expert Witnesses**

A party seeking a deposition must obtain leave of court if the parties have not stipulated to the deposition and it would result in more than ten (10) depositions being taken pursuant to Rule 30 or Rule 31. Fed. R. Civ. P. 30(a)(2)(A). Here, Plaintiff seeks to depose three additional expert witnesses, Partin, Lesoing and Jacobson, in excess of the existing stipulated ten (10) depositions. Dkt. # 145, p. 5. However, absent a formal motion for leave of court, Plaintiff's request is impermissible because it deprives Defendants of proper notice and hearing. Accordingly, Plaintiff's request to depose the additional witnesses is DENIED.

## III. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff shall be awarded Attorney Fees in the amount of $2086.70.

(2) Plaintiff's request for additional depositions is DENIED.

(3) The Clerk is directed to forward a copy of this Order to plaintiffs and to all counsel of record.

Dated this 19 day of November 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE